Opinion
 

 KAUS, P. J.
 

 Respondent, Agricultural Labor Relations Board, moves to dismiss the petition for writ of review filed by the United Farm Workers (UFW), on grounds that the petition was filed too late. We grant the motion.
 
 [1]
 

 
 *349
 
 Facts
 

 On June 10, 1977, the board filed a decision and order in this case, finding that the employer, not involved in this motion to dismiss, had engaged in unfair labor practices under the Agricultural Labor Relations Act (ALRA), and issued orders in accordance with those findings. On June 15, the UFW filed a motion for reconsideration with the board. The motion was denied on July 20, 1977. On August 18—about 69 days after the board’s decision was issued—the UFW filed a petition for review with this court.
 

 Discussion
 

 Labor Code section 1160.8 of ALRA provides that a person “aggrieved by the final order of the board . . . may obtain review of such order in the court of appeal . . . .” The section further provides that the “petition shall be filed with the court within 30 days from the date of the issuance of the board’s order.”
 

 The Legislature intended both the board (Lab. Code, § 1148), and the courts
 
 (.Agricultural Labor Relations Bd.
 
 v.
 
 Superior Court
 
 (1976) 16 Cal.3d 392, 404 [128 Cal.Rptr. 183, 546 P.2d 687]) to follow federal labor relations precedents where appropriate. Labor Code section 1160.8 tracks the language of 29 United States Code section 160(f), which provides for review of a “final order of the Board . . . .” “Final order” means solely an order of the board either dismissing a complaint in whole or in part or directing a remedy for the unfair labor practices found. (E.g.,
 
 Shell Chemical Company
 
 v.
 
 N.L.R.B.
 
 (5th Cir. 1974) 495 F.2d 1116, 1120.)
 

 The board in this case directed a remedy for the unfair labor practices found. Thus, the “final order” is the order dated June 10.
 

 
 *350
 
 The UFW’s theory is, apparently, that the time period runs from the board’s denial of a petition for reconsideration. That contention has no merit. First, the Legislature made no provision whatsoever for petitions for rehearing under ALRA; thus, the Legislature could not have intended “final order” to refer to a procedure that did not exist. The authority for petitions for reconsideration is an administrative regulation which provides that a “party to a proceeding before the Board may, because of extraordinary circumstances, move for reconsideration .... A motion filed under this section shall not operate to stay the action of the Board.” (Cal." Admin. Code, tit. 8, § 20286, subd. (c).)
 

 Assuming that the board could, consistent with legislative intent (see Lab. Code, § 1144), have extended the statutory scheme and time limits (Lab. Code, §§ 1160-1160.9) to encompass petitions for reconsideration (cf. Labor Code, §§ 5900-5950), the board plainly did not do so. Petitions for reconsideration are, as noted, authorized only under “extraordinary circumstances” and the filing of such a petition does not stay board action. (Cal. Admin. Code, tit. 8, § 20286, subd. (c).)
 

 The time to seek judicial review of an administrative decision is jurisdictional. (See e.g.,
 
 Litzmann
 
 v.
 
 Workmen’s Comp. App. Bd.
 
 (1968) 266 Cal.App.2d 203, 204 [71 CaI.Rptr. 731].)
 

 The petition of the UFW is dismissed.
 

 Stephens, J., and Ashby, J., concurred.
 

 [1]
 

 We recognize that, by granting the motion to dismiss, we' are putting aside serious issues concerning the nature and very existence of our jurisdiction, as purportedly conferred in section 1160.8 of the Labor Code. The problem is of no moment at this point. As will be shown, if we have jurisdiction, under whatever label, we must dismiss the petition because the statute compels us to do so. If we have none, we must dismiss
 
 *349
 
 because there is nothing else we can do, whatever the statute says. Our reason for not deciding issues concerning the nature and existence of our jurisdiction is that these issues are now pending and presumably closer to resolution in at least one other district. In
 
 Tex-Cal Land Management, Inc.
 
 v.
 
 ALRB
 
 (5 Civ. 3395), and two other cases, the Fifth District issued the following brief order: “1. What is the nature of a proceeding upon petition for review pursuant to Labor Code section 1160.8—is it an appeal, or an original statutory proceeding in this court? ... 2. If it is a statutory original proceeding, does Article VI, section 10, of the California Constitution vest this court with jurisdiction to consider such a proceeding? 3. Is section 1160.8 unconstitutional upon the ground that it vests a legislatively created administrative agency of statewide jurisdiction with judicial power?...”