[Civ. No. 45553. First Dist., Div. Three. Feb. 7, 1979.]

PETER J. AMOROSO et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
ALBERT PERCHERT et al., Real Parties in Interest.

**COUNSEL**

Mark Adams Poppett, Lynn Theilacker Carew, Ramos, Herlihy & Broadbeck and Edmond R. Pietraczyk for Petitioners.

No appearance for Respondent.

Jack C. Runnion for Real Parties in Interest.

**OPINION**

**WHITE, P. J.—** ■ This writ petition raises the question of whether provisions of Code of Civil Procedure section 1013, subdivision (a) apply to extend by five days the twenty-day time limit for requesting trial after an attempt to decide the case by arbitration. We have concluded that no such extension is authorized.

The Judicial Arbitration Rules for Civil Cases were adopted by the Judicial Council and took effect July 1, 1976. They provide that plaintiffs consenting to a maximum award of $7,500 may, by election or stipulation, prosecute their cases through arbitration procedures. (Cal. Rules of Court, rule 1602.) Rule 1616(a) thereof provides that "[w]ithin 20 days after the arbitration award *is filed* with the clerk of the court, any party may request a trial in the superior court by filing with the clerk a request

for trial, with proof of service of a copy upon all other parties appearing in the case. The 20-day period within which to request trial *may not be extended.*" (Italics added.) Rule 1615(c) provides in part: "The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules."

In this proceeding real parties are the plaintiffs who filed an election to arbitrate. The arbitration award was filed with the superior court on June 26, 1978. Real parties did not file their request for trial by the 20-day deadline of July 17, 1978 (the 20th day, July 16, having been a Sunday). Instead they submitted their request for a jury trial on July 19, 1978. The clerk found it timely, applying the five-day extension found in Code of Civil Procedure section 1013, subdivision (a), and declined to enter the arbitration award as a judgment. Petitioners moved the trial court for an order directing the clerk to enter judgment, but their motion was denied. They seek review by writ of mandate, attempting to forestall an unwarranted trial of the merits.

The provisions of Code of Civil Procedure section 1013, subdivision (a) are specific and unambiguous. They provide that in case of service by mail, "[t]he service is complete at the time of the deposit, but if, within a given number of days *after such service,* a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, . . . but such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal." (Italics added.)

On its face, this section does not apply to extend the 20-day time limit for filing with the clerk a request for trial. Rule 1616(a) specifies that time begins to run when the arbitration award *is filed,* not when it is served. As if to reconfirm the inapplicability of Code of Civil Procedure section 1013, subdivision (a), rule 1616(a) provides that the 20-day period *may not be extended.*

Our reading parallels the decision in *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146], where the court refused to apply the Code of Civil Procedure section 1013, subdivision (a) extension to the Government Code section 945.6, subdivision (a)(1) requirement for filing suit against a public entity. That section provided

that if the public entity rejected a claim against it, an action had to be commenced " 'not later than six months after the date such notice [of rejection] is personally delivered or deposited in the mail.' " (*Id.,* at p. 231.) The *Smith* court rejected a contention that suit could be filed six months and five days after notice of rejection was deposited in the mail. "Such an interpretation obviously does violence to any reasonable sense of semantics." (*Id.,* at p. 231.)

Real parties' contention that the trial court properly relieved them from default under the authority of Code of Civil Procedure section 473 cannot be accepted. They made absolutely no factual showing of the reason for their delay in filing the demand for trial.[1]

The parties have had full opportunity to present their views. An alternative writ would add nothing to the presentation already made. A peremptory writ is proper (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]) and should issue.

Let peremptory writ of mandate issue directing the Superior Court of Contra Costa County to set aside its order of November 7, 1978, denying petitioners' motion to compel entry of judgment, and directing said court to enter an order compelling the clerk to enter judgment in accordance with the provisions of California Rules of Court, rule 1615(c).

Scott, J., and Feinberg, J., concurred.

---

[1]Even were we to accept real parties' inferential averments of belief that Code of Civil Procedure section 1013, subdivision (a) applied and treat them as proper evidence, we would have difficulty upholding a finding of excusable neglect. Surely a reading of rule 1616(a) would suggest at least some uncertainty about application of the five-day extension. It is difficult to excuse conduct which did not make every reasonable effort to avoid that uncertainty.