[Civ. No. 25307. Fourth Dist., Div. Two. May 14, 1981.]

STATE FARM FIRE AND CASUALTY COMPANY,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
FRED FELTS, Respondents.

194

COUNSEL

Gray & Prouty and Robert E. Lundgren, Jr., for Petitioner.

Jacob Borenstein for Respondents.

OPINION

**KAUFMAN, Acting P. J.**—State Farm Fire and Casualty Company (State Farm) petitioned this court for review of an order of the Work-

ers' Compensation Appeals Board (Board) dated June 10, 1980, denying reconsideration of its previous order dated March 24, 1980, determining that Fred Felts (the applicant) sustained an injury on December 10, 1977, to his left shoulder, arm and hand arising out of and occurring in the course of his employment by Mayflower Plumbing Company. We issued a writ of review. By way of return the Board has filed the certified record, but except for a letter relating to the timeliness of the petition for review, the Board has indicated it will not appear.[1] No response has been filed on behalf of the applicant.[2]

Preliminarily, there exists a question of the timeliness of the petition for review and, thus, our jurisdiction. The Board's order denying reconsideration was filed on June 10, 1980; the petition for review was not filed in this court until December 10, 1980. However, State Farm asserts without contradiction that it did not receive notice of Board's order until October 27, 1980, after it directed letters of inquiry to the Board about the matter on July 21, September 12, and October 13, 1980. This assertion is supported by declarations from the appropriate persons representing State Farm and is further verified by the fact that apparently no timely notice of the Board's order of June 10 was received by applicant's attorney either. Commendably, Board has stated to the court in a letter dated December 31, 1980, that although its record of service indicates that service by mail was made on June 10, 1980, the Board does not question State Farm's assertion that it did not obtain notice of the order until October 27, 1980, and has no objection to our treating the petition filed December 10, 1980, as timely.

The time within which a petition for writ of review may be filed in the Court of Appeal from an order, decision or award following reconsideration is "45 days after the filing of the order, decision, or award following reconsideration." (Lab. Code, § 5950.) The statutorily prescribed time limitation is jurisdictional. (*Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 204 [71 Cal.Rptr. 731]; *Nat. Auto. Ins. Co.* v. *Ind. Acc. Com.* (1943) 58 Cal.App.2d 508, 509 [136 P.2d 815]; *Laue* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.

---

[1] The Board is not obliged to and customarily does not do more than file the certified record by way of return unless the case raises some question concerning the Board's powers or procedures.

[2] At oral argument counsel for applicant appeared and in response to the court's observations that no written response had been filed stated that applicant relied on the opinion of the Board and submitted the matter.

Comp.Cases 461; see 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1980) § 10.03[2]; 2 Herlick, Cal. Worker's Compensation Law Handbook (2d ed. .1978) § 20.10, p. 732; 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 276, p. 1077.) Thus, although the Board has no objection to our treating the petition as being timely, jurisdiction may not be conferred by consent of the parties if it is otherwise lacking, and it is incumbent upon us to resolve the question.

Although the Board's Rules of Practice and Procedure state that the Board "shall serve a copy of . . . all findings, orders, decisions and awards upon the parties and their attorneys or agents of record by mail at their addresses of record, or by personal service . . ." (Cal. Admin. Code, tit. 8, § 10500), the decided cases hold or otherwise indicate that the statutorily prescribed period in which a petition for writ of review may be filed starts to run on the date the order or decision is filed, not when it is served. (See *Alford* v. *Industrial Accident Com.* (1946) 28 Cal.2d 198, 199-201 [169 P.2d 641]; *Nat. Auto. Ins. Co.* v. *Ind. Acc. Com., supra,* 58 Cal.App.2d at p. 509; *Neal* v. *Industrial Acc. Com.* (1918) 36 Cal.App. 40, 41 [171 P. 696]; *Oliver* v. *Structural Services* (1978) 43 Cal.Comp.Cases 596, 598; *Laue* v. *Workers' Comp. Appeals Bd., supra,* 42 Cal.Comp.Cases 461; *Norris* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 429, 430; *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 356; *Von Henke* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 348; see also Lab. Code, § 5950; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *supra,* § 10.03[2].) Nevertheless, under the circumstances here, we conclude that the petition for review must be considered timely.

Whether or not a procedure for review of decisions of the Board must be provided as a matter of constitutional law, once such a procedure is provided, as it is in California (see Lab. Code, § 5950 et seq.), it must comport with the guarantees of due process of law found in the Fourteenth Amendment to the United States Constitution and article I, section 7, of the Constitution of the State of California. (Cf. *Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055]; *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814].)

It is a fundamental principle of due process that a party may not be deprived of a substantial right without notice (see *Mullane* v. *Cen-*

*tral Hanover Tr. Co.* (1950) 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652]; *Milliken* v. *Meyer* (1940) 311 U.S. 457, 463 [85 L.Ed. 278, 283, 61 S.Ct. 339, 132 A.L.R. 1357]; *Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]; *Dillard* v. *McKnight* (1949) 34 Cal.2d 209, 215 [209 P.2d 387, 11 A.L.R.2d 835]; *Atkins* v. *Kessler* (1979) 97 Cal.App.3d 784, 792-794 [159 Cal.Rptr. 231]; *Estate of Hampton* (1942) 55 Cal.App.2d 543, 562-563 [131 P.2d 565]), and a rule that the statutory right to judicial review of Board decisions is lost by passage of the 45-day statutory period even though the affected party was not afforded notice of the decision to be reviewed would offend elementary due process principles. We conclude, therefore, that where, as here, notice of the order to be reviewed was not afforded until after expiration of the statutory period in which review could be sought, the running of the statutory period must be deemed to commence with the receipt of notice. Here, the petition for review was filed well within 45 days after State Farm first received notice on October 27, 1980, and the petition was therefore timely filed.

As to the merits, petitioner claims that the Board's determination that the applicant's injury arose out of and occurred in the course of his employment is not supported by substantial evidence on the whole record and is contrary to law because the applicant was injured while voluntarily participating in a game of football while voluntarily attending on a nonworking day a one-time picnic for company employees paid for by the moneys received from the sale of scrap copper salvaged by the employees from various jobsites with the permission and encouragement of the employer. (See Lab. Code, § 3600, subd. (h);[3] *United Parcel Service of America, Inc.* v. *Industrial Accident Commission* (1959) 172 Cal.App.2d 73 [342 P.2d 41].)

■ A brief review of the record indicates that the contention of State Farm is well founded. In any event, however, in the absence of meaningful assistance from the adverse litigant or the Board (see fn. 1, *ante*), although the court has the power, it is not required to search the

---

[3]Subdivision (h) added to section 3600 in 1978 (Stats. 1978, ch 1303, § 5, p.4262) provides that an injury is not compensable where it arises out of "voluntary participation in any off duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where such activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment."

Changes in the law are appropriately applied to workers' compensation cases not yet final on the effective date of the change in law. (See, e.g., *Messina* v. *Workers' Comp. Appeals Bd.* (1980) 105 Cal.App.3d 964, 972 [164 Cal.Rptr. 762].)

record in an attempt to develop answers to the contentions of the petitioner and is entitled to assume that the petitioner's statement of facts is accurate and that the contentions advanced are meritorious. (Cf. *Richter* v. *Fresno Canal etc. Co.* (1894) 101 Cal. 582 [36 P. 96]; *Roth* v. *Keene* (1967) 256 Cal.App.2d 725 [64 Cal.Rptr. 399].) We deem it inappropriate definitively to rule on the significant legal issues involved, especially the effect of the 1978 amendment to Labor Code section 3600 without adversary briefing and argument.

Accordingly, Board's decision dated June 10, 1980, denying reconsideration of its previous order of March 24, 1980, is annulled.

McDaniel, J., and Morris, J., concurred.