[Civ. No. 28608. Fourth Dist., Div. One. Mar. 7, 1983.]

MARIO SAIKHON, INC., Petitioner, v.
AGRICULTURAL LABOR RELATIONS BOARD, Respondent;
UNITED FARM WORKERS OF AMERICA, AFL-CIO, Real Party in
Interest.

COUNSEL

Dressler, Quesenbery, Laws & Barsamian, Daniel D. Haley and Larry A. Dawson for Petitioner.

Manuel M. Medeiros and J. Kenneth Donnelly for Respondent.

Diana Lyons for Real Party in Interest.

OPINION

BROWN (Gerald), P. J.—The Agricultural Labor Relations Board (Board) has moved to dismiss a petition for a writ of review of its decision and order. The Board contends the petition of Mario Saikhon, Inc. (Saikhon) was not filed within the 30-day jurisdictional time limit of Labor Code section 1160.8.

On December 15, 1982, a decision and order finding Saikhon had committed certain unfair labor practices was entered by the Board. The decision and order was mailed to Saikhon the same day. January 17, 1983—33 days later—Saikhon filed a petition for review of the Board's order with this court.

Labor Code section 1160.8 states the petition for review "shall be filed with the court within 30 days from the date of the issuance of the board's order." The time for seeking judicial review is jurisdictional (*United Farm Workers* v. *Agricultural Labor Relations Board* (1977) 74 Cal.App.3d 347, 350 [141 Cal.Rptr. 437]).

█ Because the decision and order was mailed to it, Saikhon contends section 1013, subdivision (a) of the Code of Civil Procedure[1] applies, extending the time five more days for filing a petition for review. Section 1013, subdivision (a) provides: "In case of service by mail, . . . The service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, . . . "

Section 1013, subdivision (a) by its terms deals only with the "case of service by mail," and with acts or responses which must be performed within a prescribed period "after the service" of a document. Labor Code section 1160.8 does not say the petition for review must be filed within 30 days after service of the Board's order; it requires the petition be filed within 30 days of the "issuance" of the Board's decision. Only if "issuance" is synonymous with "service" would section 1013, subdivision (a) apply in this case.

In the recitation of facts in *Jackson & Perkins Co.* v. *Agricultural Labor Relations Bd.* (1978) 77 Cal.App.3d 830, 832 [144 Cal.Rptr. 166], the court notes the Board's order was "issued" on April 26, 1977, and was "served by mail" April 27, 1977. The court is therefore at least impliedly defining "issuance" as the entry or filing of the Board's order. The petition for review was filed 35 days after the Board's decision was issued, and was dismissed as not filed within the jurisdictional time limits. Although not discussed in the case, if section 1013, subdivision (a) were applicable, the petition would have been timely filed.

Other sections of the Agricultural Labor Relations Act, Labor Code section 1140 et seq., refer to "issue" in a context different from service. Labor Code section 1160.2 states the Board "shall have power to *issue and cause to be served*" a complaint. (Italics added.) Labor Code section 1160.3 of the act gives the Board power to "issue and cause to be served" orders to cease and desist from unfair labor practices.

If the Legislature intended Labor Code section 1160.8's time limit to begin running when the Board's order was served on the parties, it would have used the language used in Labor Code sections 1160.2 and 1160.3, and required the petition to be filed within 30 days after the order was "issued and served" on the parties. Not using this language, it is apparent the Legislature intended "issuance" to mean entry, and not service, of the Board's order.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Section 1013, subdivision (a) is therefore not applicable to Labor Code section 1160.8's 30-day filing limitation. As Saikhon's petition for review was not filed within 30 days of the issuance of the Board's order, this court is without jurisdiction to hear it.

The petition is dismissed.

Cologne, J., and Staniforth, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 28, 1983. Bird, C.J., did not participate therein.