[Civ. No. 69915. Second Dist., Div. Six. May 24, 1984.]

ERNESTO VILLA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
MISSION LINEN SUPPLY, Respondents.

COUNSEL

Ghitterman, Hourigan, Grossman, Finestone & Schumaker and Luis I. Gomez for Petitioner.

Zonni, Ginocchio & Taylor, Clair S. Huffman, Richard W. Younkin, William B. Donohoe and Alvin R. Barrett for Respondents.

OPINION

**STONE, P. J.**—Petitioner Ernesto Villa seeks review of the July 1, 1983, order of respondent Workers' Compensation Appeals Board (Board) denying reconsideration of the workers' compensation judge's finding that applicant sustained no industrial injury to his eyes.

This court originally denied the petition as untimely filed; however, on December 28, 1983, the Supreme Court granted Villa's petition for hearing and retransferred the matter to the court "with directions to issue a writ of review to be heard . . . when the proceeding is ordered on calendar. (*Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424.)"

■ Villa's petition for writ of review was filed in this court on August 16, 1983, 46 days after the Board's order denying reconsideration.

Labor Code section 5950[1] provides that a petition for writ of review "must be made within 45 days after a petition for reconsideration is denied." A petition for writ of review filed one day after expiration of the time prescribed by section 5950 has been held untimely, thus depriving this court of jurisdiction. (*Nat. Auto. Ins. Co.* v. *Ind. Acc. Com.* (1943) 58 Cal.App.2d 508, 509 [136 Cal.Rptr. 815]; see *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 204 [71 Cal.Rptr. 731].)

Based upon section 5950 and the aforecited authorities, we ordered the instant petition dismissed as untimely filed. Thereafter, the Supreme Court issued its retransfer order, citing *Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824].

In *Shearer,* a petition for writ of mandate was filed after expiration of the statutory time therefor, as measured from the date of the trial court's order which petitioner sought to be reviewed. However, the petition was filed within the time extended by 10 days for service by mail outside the state as provided in Code of Civil Procedure section 1013. It was held that Code of Civil Procedure section 1013 operated to extend the time for filing 10 days, and thus the petition was timely. (*Shearer* v. *Superior Court, supra,* 70 Cal.App.3d 424, 426.)[2]

Title 8, chapter 4.5 of the California Administrative Code prescribes Rules of Practice and Procedure of the Workers' Compensation Appeals Board. Section 10500 thereof provides that the Board "shall serve a copy of the notice of . . . all findings, orders, decisions and awards upon the parties and their attorneys . . . by mail at their addresses of record or by personal service." Section 10507 thereof provides: "The time requirements of Code of Civil Procedure Section 1013 shall govern all service by mail."

Despite the above cited rules of practice, some earlier cases have held or indicated that the statutorily prescribed period in which a petition for writ of review may be filed starts to run on the date the order or decision is filed, not when it is served. (*State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193, 196 [173 Cal.Rptr. 778].) Nevertheless, this court has recently held otherwise. (*Ibid.*)

The undisputed facts in the instant case reveal that the Board, in accordance with customary practice, mailed notice of the July 1, 1983, order

---

[1]All further section references herein will be to the Labor Code unless otherwise noted.

[2]Code of Civil Procedure section 1013 provides: "(a) In case of service by mail, the notice or other paper must be deposited in a post office . . . . The service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California . . . ."

denying reconsideration to petitioner at the office of petitioner's counsel in this state, as evidenced by notation to that effect on the Board's order, and was not received by counsel until several days thereafter. Consequently, the instant petition for writ of review was timely filed. (*State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.*, *supra*; *Shearer* v. *Superior Court*, *supra*, 70 Cal.App.3d 424.)

■ Petitioner's contention that the evidence does not support the finding that he sustained no industrial injury to his eyes is meritless.

Petitioner claims two separate injuries to his eyes in the course of his employment as a laundry worker: (1) an alleged injury in September 1981 when his foreman purportedly threw a dirty towel in petitioner's face, resulting in irritation to both eyes and swelling of his right eye, and (2) an alleged injury on June 17, 1982, when a sheet which petitioner was loading into a machine purportedly grazed his left eye, resulting in swelling. He claims that his bilateral detached retinas resulted from the trauma in the two incidents.

Quite apart from the direct conflict in the testimony of petitioner and his foreman (Mr. Forthe) as to whether the towel was in fact thrown, petitioner failed to present any medical evidence establishing that the trauma from either or both of the claimed incidents was sufficient to cause bilateral retinal detachment, which apparently resulted from congenital dialysis. Nor did he present any evidence of cumulative trauma. In fact, the medical evidence established that significant trauma is required to cause a detached retina, and that the trauma here was not sufficiently significant to cause petitioner's detached retinas. Petitioner, of course, had the burden of establishing industrial causation by a preponderance of the evidence. (Lab. Code, §§ 3202.5, 5705; *California State Polytechnic University* v. *Workers' Comp. Appeals Bd.* (1982) 127 Cal.App.3d 514, 520 [179 Cal.Rptr. 605]; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1984) § 5.07[8].) As the Board correctly concluded, petitioner failed to meet that burden of proof.

■ Equally unavailing is petitioner's further contention that the Board erred on reconsideration by reviewing the matter on the workers' compensation judge's summary of the evidence, rather than ordering and reviewing a transcript of the hearing. Petitioner claims that a transcript would more accurately reflect the testimony of Mr. Forthe. From the record, it appears that petitioner neither requested a transcript (Cal. Admin. Code, tit. 8, ch. 4.5, § 10740) nor specifically raised this issue in his petition for reconsideration (Lab. Code, § 5904). In any event, the workers' compensation judge predicated his findings on the absence of any medical evidence of industrial

causation, not on any conflict between the testimony of petitioner and Mr. Forthe.[3]

The order denying reconsideration is affirmed.

Abbe, J., and Gilbert, J., concurred.

The petition of respondent Workers' Compensation Appeals Board for a hearing by the Supreme Court was denied July 26, 1984.

---

[3]The workers' compensation judge reported: "Finally, since applicant's testimony if taken as true, together with the medical evidence do not establish industrial causation, this Court did not have to determine the issues of credibility as between applicant and Mr. Forthe. Therefore, there is absolutely no need for a transcript in the instant case. The Court would note, however, that he did find Mr. Forthe to be a credible witness and has some real doubts as to whether either alleged injury occurred as stated by applicant."