[No. A052224. First Dist., Div. One. Oct. 7, 1991.]

SOUTHWEST AIRLINES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and SUSAN
BELAND, Respondents.

1422

COUNSEL

Roy K. Powlan for Petitioner.

Ury & Wright, William B. Donohoe and Grady J. Wright, Sr., for Respondents.

OPINION

STEIN, J.—

### INTRODUCTION

Petitioner Southwest Airlines (Southwest) seeks review of an opinion and order of respondent Workers' Compensation Appeals Board (the Board) denying reconsideration of a ruling that Labor Code section 3600.5, subdivision (a),[1] gives California jurisdiction over respondent Susan Beland's workers' compensation claim.

---

[1] Labor Code section 3600.5, subdivision (a), provides: "If an employee who has been hired or is regularly employed in the state receives personal injury by accident arising out of and in the course of such employment outside of this state, he, or his dependents, in the case of his death, shall be entitled to compensation according to the law of this state."

All further statutory references are to the Labor Code unless otherwise specified.

Beland contends that the petition for writ of review must be denied as untimely under section 5950[2] since it was filed 49 days after the denial of reconsideration. Southwest replies that the petition was timely because the time within which it could be filed was extended by five days pursuant to the provisions of Code of Civil Procedure section 1013, subdivision (a) (hereafter section 1013), regarding service by mail.[3]

We hold that the time for filing a petition for writ of review of a Workers' Compensation Appeals Board decision is not extended by the provisions of section 1013.

### FACTUAL AND PROCEDURAL BACKGROUND

Beland filed an application for adjudication of claim in 1988, alleging an injury to her back while "in flight" as a flight attendant for Southwest. On August 29, 1990, the workers' compensation judge (the WCJ) issued his findings and order, holding that the Board has jurisdiction over Beland's claim. Following the filing of a petition for reconsideration and the WCJ's report and recommendation thereon, the Board's opinion and order denying reconsideration was filed and served on all parties by mail on November 26, 1990. The instant petition for a writ of review was filed on January 14, 1991, the 49th day after the filing and service of the Board's order. Beland contends that the petition must be dismissed as untimely because it was not filed within 45 days of the date the Board's decision was filed. She asserts that the time limit specified in section 5950 is jurisdictional and that section 1013 does not extend the time because it provides for extending time limits triggered by *service*, not filing, of a document.

Southwest, on the other hand, contends that time for filing the petition was extended by the provisions of section 1013 because section 5950 does not contain any indication that those provisions should not apply, and pertinent statutory provisions and administrative regulations contemplate such application.

---

[2]Section 5950 provides in pertinent part: "The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."

[3]This section provides in pertinent part: "In case of service by mail, the notice or other paper must be deposited in a . . . facility regularly maintained by the United States Postal Service . . . . The service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California . . . ."

## ANALYSIS

██ It has been repeatedly held that the statutorily prescribed time limitation set forth in section 5950 is jurisdictional. (*State Farm Fire & Casualty Co. v. Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193, 195 [173 Cal.Rptr. 778]; *National Kinney v. Workers' Comp. Appeals Bd.* (1980) 113 Cal.App.3d 203, 206 [169 Cal.Rptr. 801]; *Litzmann v. Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 204 [71 Cal.Rptr. 731]; *Nat. Auto Ins. Co. v. Ind. Acc. Com.* (1943) 58 Cal.App.2d 508, 509 [136 P.2d 815].)[4] Where the petition is not presented within the time specified in section 5950, the appellate court has "no jurisdiction of the attempted proceeding" and the petition must therefore be denied. (*Ibid.*) ██ The petition herein is untimely under section 5950 unless the time for filing it was extended by the provisions of section 1013.

The 45-day time period specified in section 5950 runs from the time "a petition for reconsideration is *denied*" or from "the *filing* of [an] order, decision, or award following reconsideration." (§ 5950, italics added.) In the present case the operative word is "filing." The filing of the order denying reconsideration was contemporaneous with service of the order. Southwest contends that the provisions of section 5316 and California Code of Regulations, title 8, sections 10500 and 10507 (hereafter regulations 10500 and 10507), mandate the application of section 1013 to extend the time period specified in section 5950 by five days when the order has been served by mail.[5]

Section 5316 and regulations 10500 and 10507 do not govern the issue presented here. These provisions do not state that the statutory time for filing a petition for writ of review shall run from *service* of an order, rather than from the *filing* of an order as expressly set forth in section 5950. The provisions would bring into play section 1013's extension for service by mail only when the time for doing the act in question runs from service of a

---

[4] A 1978 amendment to section 5950 extended the time for filing a petition for review from 30 to 45 days. (Stats. 1978, ch. 661, § 1, p. 2123.)

[5] Section 5316 provides in pertinent part: "Any notice, order, or decision required by this division to be served upon any person either before, during, or after the institution of any proceeding before the appeals board, may be served in the manner provided by Chapter 5, Title 14 of Part 2 of the Code of Civil Procedure . . . ." Section 1013 is included in chapter 5, title 14 of part 2 of the Code of Civil Procedure. Regulation 10500 provides in pertinent part: "The [Board] shall serve a copy of the notice of time and place of hearing and all findings, orders, decisions and awards upon the parties and their attorneys or representatives of record by mail at their addresses of record or by personal service." Regulation 10507 states: "The time requirements of Code of Civil Procedure Section 1013 shall govern all service by mail."

document. For example, these provisions would apply in the case of service by mail to extend the time for filing a petition for reconsideration, which *by statute* may be filed "[a]t any time within 20 days after the *service* of any final order, decision, or award made and filed by the appeals board or a workers' compensation judge . . . ." (§ 5903, italics added.)

Two decisions holding section 1013 not applicable to extend prescribed filing periods are instructive here. *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581 [189 Cal.Rptr. 632] held that section 1013 does not extend the time for filing a petition for writ of review of a decision of the Agricultural Labor Relations Board. Section 1160.8 provides that such a petition "shall be filed with the court within 30 days from the date of the issuance of the board's order." As in this case, the time for seeking judicial review is jurisdictional. (*Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd., supra,* 140 Cal.App.3d at p. 582; *United Farm Workers* v. *Agricultural Labor Relations Board* (1977) 74 Cal.App.3d 347, 350 [141 Cal.Rptr. 437].) The *Mario Saikhon* court stated: "Section 1013, subdivision (a) by its terms deals only with the 'case of service by mail,' and with acts or responses which must be performed within a prescribed period 'after the service' of a document. Labor Code section 1160.8 does not say the petition for review must be filed within 30 days after service of the Board's order; it requires the petition be filed within 30 days of the 'issuance' of the Board's decision. Only if 'issuance' is synonymous with 'service' would section 1013, subdivision (a) apply in this case." (*Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd., supra,* 140 Cal.App.3d at p. 583.)

Similarly, in *Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240 [152 Cal.Rptr. 398], the court held that section 1013 does not extend the time within which to request a trial after the filing of an arbitration award. Rule 1616(a) of the California Rules of Court then provided that a request for trial could be filed "[w]ithin 20 days after the arbitration award is filed with the clerk of the court . . . ."[6] The court observed that the provisions of section 1013 "are specific and unambiguous" in providing for an extension of time when a right may be exercised or an act is to be done *after service.* "On its face, this section does not apply to extend the 20-day time limit for filing with the clerk a request for trial. Rule 1616(a) specifies that time begins to run when the arbitration award is *filed,* not when it is served." (89 Cal.App.3d at p. 242.)

Here, the time period specified in section 5950 also runs from filing, not from service. The statute expressly provides for application for a writ of

---

[6]This rule now provides that a request for trial may be filed within 30 days after the arbitration award is filed.

review within 45 days "after a petition for reconsideration is denied, or . . . after the *filing* of the order, decision, or award following reconsideration." (§ 5950, italics added.) Although it uses the word "filing" only with respect to an order, decision or award following reconsideration, any reasonable sense of semantics dictates that "a petition for reconsideration is denied" within the meaning of the statute when it is filed. There is no reference in this statute, which sets forth a jurisdictional time limitation, to "service." Consequently, the time period specified therein is not extended by the provisions of section 1013.

In holding that section 1013 does apply to the filing of a motion to disqualify a judge under Code of Civil Procedure section 170.6 in coordination proceedings when the notice of assignment has been served by mail,[7] the Court of Appeal in *Citicorp North America, Inc. v. Superior Court* (1989) 213 Cal.App.3d 563 [261 Cal.Rptr. 668] undertook an extensive review of the cases discussing application of section 1013. It observed: "[T]he cases have consistently held that where a prescribed time period is commenced by some circumstance, act or occurrence other than service then section 1013 will not apply. [Citations.] [¶] On the other hand, where a prescribed time period is triggered by the term 'service' of a notice, document or request then section 1013 will extend the period. [Citations.]" (213 Cal.App.3d at pp. 567-568.) "An additional principle involved in many of these cases is that section 1013 cannot be utilized to extend jurisdictional limits [citation] or statutes of limitation [citations]." (*Id.*, at p. 568, fn. 8.)

The Supreme Court recently held that the 30-day period for the acceptance of a statutory settlement offer pursuant to Code of Civil Procedure section 998 served by mail is extended by section 1013. (*Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266 [276 Cal.Rptr. 321, 801 P.2d 1072].) The 30-day time period runs from the time the offer is "made." The Supreme Court reasoned that "[b]ecause an offeror 'makes' the offer by serving it in writing, when a section 998 offer is served by mail it is clear that the statutory period for response runs from the service by mail." (*Id.*, at p. 274, fn. 4.) The court also noted that the time limit involved in *Poster* was not jurisdictional and that "[c]onsistent with the Legislature's exemption of notices of appeal, section 1013 has been held to be inapplicable to other statutes that set forth jurisdictional deadlines. [Citation.]" (*Id.*, at p. 274.)

Under the statutory scheme involved here, reconsideration is denied by filing of the Board's order, not by service of the order. And, the 45-day time

---

[7]Pursuant to rule 1515 of the California Rules of Court, such a challenge must be submitted in writing "within 20 days after service of the order" of assignment.

period within which to file a petition for writ of review set forth in section 5950 is jurisdictional. A holding that section 1013 does not operate to extend the time for filing such a petition is thus consistent with the views expressed by the Supreme Court in *Poster* and by the Courts of Appeal in *Citicorp. North America, Inc.* v. *Superior Court, supra,* 213 Cal.App.3d 563, *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd., supra,* 140 Cal.App.3d 581, and *Amoroso* v. *Superior Court, supra,* 89 Cal.App.3d 240.

We recognize that our conclusion conflicts with *Villa* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076 [203 Cal.Rptr. 26] (*Villa*), which held that section 1013 operated to extend the time for filing a petition for writ of review of a decision of the Board denying reconsideration. In our view, *Villa,* which has been followed twice without further analysis, is wrongly decided and we decline to follow it.

In *Villa,* the petition for writ of review was filed in the Court of Appeal 46 days after the Board's order denying reconsideration and was originally denied as untimely. (*Villa, supra,* 156 Cal.App.3d 1076, 1077.) The Supreme Court, however, granted the applicant's petition for hearing and retransferred the matter " 'with directions to issue a writ of review to be heard . . . when the proceeding is ordered on calendar,' " citing *Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824] (*Shearer*). (*Villa, supra,* 156 Cal.App.3d at p. 1077.)

The *Villa* court's decision following the retransfer order stated in pertinent part: "In *Shearer,* a petition for writ of mandate was filed after expiration of the statutory time therefor, as measured from the date of the trial court's order which petitioner sought to be reviewed. However, the petition was filed within the time extended by 10 days for service by mail outside the state as provided in Code of Civil Procedure section 1013. It was held that Code of Civil Procedure section 1013 operated to extend the time for filing 10 days, and thus the petition was timely.[8] (*Shearer* v. *Superior Court, supra,* 70 Cal.App.3d 424, 426.) [¶] Title 8, chapter 4.5 of the California Administrative Code [now the California Code of Regulations] prescribes Rules of Practice and Procedure of the Workers' Compensation Appeals Board. Section 10500 thereof provides that the Board 'shall serve a copy of the notice of . . . all findings, orders, decisions and awards upon the parties and their attorneys . . . by mail at their addresses of record or by personal service.' Section 10507 thereof provides: 'The time requirements of Code of Civil Procedure Section 1013 shall govern all service by mail.'

[8]The *Villa* court erroneously described the extension involved in *Shearer* as 10 days for service outside the state. The extension was five days for service within the state. (*Shearer, supra,* 70 Cal.App.3d at p. 426.)

[¶] Despite the above cited rules of practice, some earlier cases have held or indicated that the statutorily prescribed period in which a petition for writ of review may be filed starts to run on the date the order or decision is filed, not when it is served. (*State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193, 196 [173 Cal.Rptr. 778].) Nevertheless, this court has recently held otherwise. (*Ibid.*) [¶] The undisputed facts in the instant case reveal that the Board, in accordance with customary practice, mailed notice of the July 1, 1983, order denying reconsideration to petitioner at the office of petitioner's counsel in this state, as evidenced by notation to that effect on the Board's order, and was not received by counsel until several days thereafter. Consequently, the instant petition for writ of review was timely filed. (*State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd., supra; Shearer* v. *Superior Court, supra,* 70 Cal.App.3d 424.)" (*Villa, supra,* 156 Cal.App.3d 1076, 1078-1079, fn. omitted.)

The authorities relied upon by the *Villa* court do not support its decision. As we have discussed, regulations 10500 and 10507 do not mandate application of the extension provisions of section 1013 to a petition filed under section 5950. Additionally, *Shearer, supra,* 70 Cal.App.3d 424, and *State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d 193 (*State Farm*) are also inapposite.

*Shearer* was a mandate proceeding to compel the superior court to grant a motion to quash service. The plaintiff's attorneys served notice of the ruling on the motion by mail and the petition for a writ of mandate was filed on the 15th day after the mailing. Code of Civil Procedure section 418.10, subdivision (c), provides that if a motion to quash is denied, "the defendant, within 10 days *after service* upon him or her of a written notice of entry of an order of the court denying his or her motion . . . may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons . . . ." (Italics added.) The court held that the provisions of section 1013 extended the time period for filing the petition 5 days: "The language of those two sections, read literally, authorized the filing of the petition for writ of mandate on or before the 15th day after the mailing of the notice." (*Shearer, supra,* 70 Cal.App.3d 424, 426.)

The 10-day filing period at issue in *Shearer, by the express terms of the statute,* ran from the time the order denying a motion to quash was *served.* In contrast, the 45-day time period specified in section 5950 runs from the time "a petition for reconsideration is *denied*" or from "the *filing* of [an] order, decision, or award following reconsideration." (§ 5950, italics added.)

In *State Farm, supra*, 119 Cal.App.3d 193, the other authority relied upon in the *Villa* decision, the petition for writ of review was filed six months after the Board's order denying reconsideration. The petitioner, however, asserted without contradiction that it did not receive notice of the Board's order until 44 days before the petition was filed, after it directed letters of inquiry to the Board. The Board did not question this assertion and informed the Court of Appeal that it had no objection to its treating the petition as timely filed. (*State Farm, supra*, 119 Cal.App.3d 193, 195.) The court discussed the jurisdictional requirement of timely filing and found that despite the regulatory requirement that the Board serve its decision, the time to petition for review starts to run upon filing of an order or decision: "The time within which a petition for writ of review may be filed in the Court of Appeal from an order, decision or award following reconsideration is '45 days after the filing of the order, decision, or award following reconsideration.'[9] (Lab. Code, § 5950.) The statutorily prescribed time limitation is jurisdictional. [Citations.] . . . [¶] Although the Board's Rules of Practice and Procedure state that the Board 'shall serve a copy of . . . all findings, orders, decisions and awards upon the parties and their attorneys or agents of record by mail at their addresses of record, or by personal service . . .' (Cal. Admin. Code, tit. 8, § 10500), the decided cases hold or otherwise indicate that the statutorily prescribed period in which a petition for writ of review may be filed starts to run on the date the order or decision is filed, not when it is served. (See *Alford* v. *Industrial Accident Com.* (1946) 28 Cal.2d 198, 199-201 [169 P.2d 641]; *Nat. Auto. Ins. Co.* v. *Ind. Acc. Com., supra*, 58 Cal.App.2d at. p. 509; *Neal* v. *Industrial Acc. Com.* (1918) 36 Cal.App. 40, 41 [171 P. 696]; *Oliver* v. *Structural Services* (1978) 43 Cal.Comp.Cases 596, 598; *Laue* v. *Workers' Comp. Appeals Bd., supra*, 42 Cal.Comp.Cases 461; *Norris* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 429, 430; *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal. Comp.Cases 356; *Von Henke* v. *Workers' Comp. Appeals Bd.* (1977) 42 Cal.Comp.Cases 348; see also Lab. Code, § 5950; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *supra*, § 10.03[2].)" (*State Farm, supra*, 119 Cal.App.3d at pp. 195-196.)

The *State Farm* court held, however, that to deem the right to judicial review lost by passage of the 45-day statutory period in the absence of notice

[9]Although the order involved in *State Farm* was one *denying* reconsideration, the opinion cited the portion of section 5950 referring to an order *following* reconsideration. (*State Farm, supra*, 119 Cal.App.3d 193, 195.) This internal inconsistency, however, is not relevant to the reasoning of the decision. No logical reading of section 5950 would suggest that different rules govern the time to petition for review of an order denying reconsideration and to petition for review of an order, decision or award following reconsideration.

would offend elementary due process principles: "We conclude, therefore, that where, as here, notice of the order to be reviewed was not afforded until after expiration of the statutory period in which review could be sought, the running of the statutory period must be deemed to commence with the receipt of notice." (*State Farm, supra,* 119 Cal.App.3d at p. 197.)

*State Farm* thus does not stand for the proposition that the 45-day period set forth in section 5950 ordinarily starts to run from service of the Board's order. Rather, it sets forth an exception to the rule, dictated by the requirements of due process, for the unusual situation where no notice has been received during the statutory period, and in fact supports both our view that ordinarily the time period commences to run upon the denial of reconsideration and the proposition that the administrative regulations do not affect this rule.

No Court of Appeal decision has analyzed the reasoning of the *Villa* decision,[10] and the Supreme Court, although denying a hearing in *Villa*, has never approved the holding on the merits. The Supreme Court's denial of a hearing does not, of course, express its views on the merits. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 776, pp. 745-747.) The Supreme Court also denied a hearing in *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd., supra,* 140 Cal.App.3d 581, a decision which we have explained is irreconcilable with *Villa.*

Beland requests an award of attorney's fees under section 5801 on the ground that there is no reasonable basis for the petition.[11] We shall deny this request since in view of *Villa* the position that section 1013 applies is reasonable, and the petition and response reveal that the argument that the Board erred in finding Beland was regularly employed in California is also reasonable.

---

[10]In *Hinkle* v. *Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 587 [221 Cal.Rptr. 40], the petition for writ of review was initially denied as untimely. The Supreme Court, however, granted review and retransferred the case with directions to issue a writ of review, citing *Villa.* Following that order, Justice Kaufman (then on the Court of Appeal) stated simply: "We issued the writ of review as directed, and the matter is now before us for disposition." (*Hinkle, supra,* 175 Cal.App.3d at p. 589.) *Postural Therapeutics* v. *Workers' Comp. Appeals Bd.* (1986) 179 Cal.App.3d 551, 554, footnote 4 [224 Cal.Rptr. 860], rejected an argument that a petition was not timely filed with citation of *Villa* and no further discussion of the issue.

[11]Section 5801 provides in pertinent part: "In the event the injured employee . . . prevails in any petition by the employer for a writ of review from an award of the appeals board and the reviewing court finds that there is no reasonable basis for the petition, it shall remand the cause to the appeals board for the purpose of making a supplemental award awarding to the injured employee or his attorney . . . a reasonable attorney's fee for services rendered in connection with the petition for writ of review."

CONCLUSION

We thus conclude after careful consideration of the pertinent authorities that section 1013 does not operate to extend the time for filing a petition for writ of review under section 5950. The petition herein must therefore be denied as untimely.

In reaching this conclusion we share the sentiments expressed in *Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576, 580 [206 Cal.Rptr. 740], which affirmed the denial of a petition for a writ of mandate under Code of Civil Procedure section 1094.6 on the ground that section 1013 did not extend the deadline for filing the petition: "Harsh as the result may be, the conclusion that section 1013 does not apply in this situation is, in our view, inescapable. . . . Although the bench and bar would undoubtedly welcome a statute that would universally extend time whenever notices are mailed in place of the dangerous duality of the current system, that change must come from the Legislature, not the courts."

The petition for writ of review is denied as untimely. Beland's request for attorney's fees under section 5801 is denied.

Newsom, Acting P. J., and Dossee, J., concurred.