[No. C011821. Third Dist. Dec. 24, 1991.]

WANDA MALLOY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, ELECTRONIC
DATA SYSTEMS et al., Respondents.

**COUNSEL**

Thomas L. Plumb for Petitioner.

Wyatt & Burns and Elizabeth A. Coyne for Respondents.

**OPINION**

PUGLIA, P. J.—Petitioner (applicant) seeks review of an opinion and order of respondent Workers' Compensation Appeals Board (Board). ▮ We

shall hold that a petition for writ of review filed more than 45 days after the Board's denial of reconsideration is jurisdictionally untimely. Accordingly, we shall dismiss the instant petition.

Labor Code section 5950 provides in pertinent part, "The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."[1] In *Villa v. Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 1076 [156 Cal.App.3d 1076], the Court of Appeal (Second Dist., Div. Six) held the time to file a petition for writ of review runs from the date the decision denying reconsideration is *served* and is therefore extended pursuant to Code of Civil Procedure section 1013 where service is by mail.[2] (See also, *Postural Therapeutics v. Workers' Comp. Appeals Bd.* (1986) 179 Cal.App.3d 551, 554, fn. 4 [224 Cal.Rptr. 860]; and *Hinkle v. Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 587 [221 Cal.Rptr. 40].)

Recently, the Court of Appeal (First Dist., Div. One) held in *Southwest Airlines v. Workers' Comp. Appeals Bd.* (1991) 234 Cal.App.3d 1421 [286 Cal.Rptr. 347], that the time for filing a petition for writ of review under section 5950 is not extended by the provisions of Code of Civil Procedure section 1013 (at p. 1431). "Although [§ 5950] uses the word 'filing' only with respect to an order, decision or award following reconsideration, any reasonable sense of semantics dictates that 'a petition for reconsideration is denied' within the meaning of the statute when it is filed. There is no reference in this statute, which sets forth a jurisdictional time limitation, to service.' . . . [¶] Under the statutory scheme involved here, reconsideration is denied by filing of the Board's order, not by service of the order. And, the 45-day time period within which to file a petition for writ of review set forth in section 5950 is jurisdictional. A holding that section 1013 does not operate to extend the time for filing such a petition is thus consistent with the views expressed by the Supreme Court in [*Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266 (276 Cal.Rptr. 321, 801 P.2d 1072)] and by the Courts of Appeal in *Citicorp. North America, Inc. v. Superior Court* [1989] 213 Cal.App.3d 563 [261 Cal.Rptr. 668], *Mario Saikhon, Inc. v. Agricultural*

---

[1]Further statutory references to sections of an undesignated code are to the Labor Code.

[2]Subdivision (a) of section 1013 of the Code of Civil Procedure provides in relevant part: "In case of service by mail, . . . [T] he service is complete at the time of the deposit [in the mail], but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States . . . ."

*Labor Relations Bd.* [1983] 140 Cal.App.3d 581 [189 Cal.Rptr. 632], and *Amoroso* v. *Superior Court* [1979] 89 Cal.App.3d 240 [152 Cal.Rptr. 398]." (*Southwest Airlines, supra,* 234 Cal.App.3d at pp. 1426-1427.)

The *Southwest Airlines* court acknowledged that its decision conflicts with *Villa* v. *Workers' Comp. Appeals Board, supra,* but concluded that *Villa* was not supported by the authorities on which it relies and was wrongly decided (234 Cal.App.3d at pp. 1427-1428).

We agree with the anaylsis in *Southwest Airlines, supra,* and also conclude *Villa* is incompatible with section 5950, which provides the time to file a petition for writ of review commences with the filing of the Board's decision on reconsideration, rather than with service of that decision. Thus, the provisions of Code of Civil Procedure section 1013 are not applicable.

■ The time limit to file a petition for writ of review is jurisdictional. (*Southwest Airlines, supra,* 234 Cal.App.3d at p. 1424; see *Thaxter* v. *Finn* (1918) 178 Cal. 270 [173 P. 163]; *Nat. Auto Ins. Co.* v. *Ind. Acc. Com.* (1943) 58 Cal.App.2d 508 [136 P.2d 815].) *In Thaxter* v. *Finn,* the Supreme Court recognized the workmen's compensation applicant had erroneously been awarded benefits against parties who were not his employer, but nevertheless enforced the applicant's award because those parties failed to seek timely review of the award of the Industrial Accident Commission, the precursor to the Board. The court explained it lacked jurisdiction to correct the erroneous award because the California Constitution (in former art. XX, § 21) gave the Legislature ". . . full authority to thus limit the review of such awards and to make them conclusive except on a review by the courts specified by the act and within the time and in the manner specified therein." (178 Cal. at pp. 272-275.)[3] Significantly, the court relied on language in section 73 of the Workmen's Compensation, Insurance and Safety Act of 1913, which provided the commission's findings, decisions and awards shall be conclusively presumed to be reasonable and lawful unless modified upon review by the courts " 'within the time and in the manner herein specified.' " (178 Cal. at p. 274; Stats. 1913, ch. 176, § 73, p. 311.)

Section 73 of the original workmen's compensation act has been carried over into the present workers' compensation act, as section 5302, which provides, "All orders, rules, findings, decisions, and awards of the appeals board shall be prima facie lawful and conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the

---

[3] The constitutional grant of plenary power to the legislature to create by statute a system of workers' compensation was carried over virtually unchanged in the 1976 constitutional revision which replaced article XX, section 21 with article XIV, section 4. (See 2 Witkin, Summary of Cal. Law (9th ed. 1987) Workers' Compensation, §§ 3-5, pp. 561-564.)

appeals board or upon a review by the courts within the time and in the manner specified in this division."

 In this case, the Board denied applicant's petition for reconsideration by order dated and filed July 17, 1991.[4] Applicant filed her petition for writ of review in this court 50 days later, on September 5, 1991. Because applicant failed to file her petition for writ of review within 45 days of the Board's denial of her petition for reconsideration, we lack jurisdiction to act upon the petition.[5]

We recognize the harshness of our decision to applicant and others who may have relied on the decision in *Villa*. However, the Legislature has limited our jurisdiction to petitions for writs of review that are timely filed. (§ 5302.) The requirement of filing a petition for writ of review within 45 days is akin to the requirement of filing a notice of appeal within 60 days. In *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660 [125 Cal.Rptr. 757, 542 P.2d 1349], the court reaffirmed that the 60-day period within which to file notice of appeal is mandatory and that the court is without jurisdiction to consider an appeal taken after the expiration of that period. (*Id.* at p. 674.) As the court explained in *Hollister*, absent competent authorization, the courts lack jurisdiction to extend the time for review. (*Id.* at p. 666.)

 We note that even if this petition were not untimely, we would deny it on the merits. Applicant contends there is no evidence to support the Board's finding that the parties agreed applicant first requested vocational rehabilitation benefits on April 30, 1990. Applicant contends she is therefore entitled to vocational rehabilitation benefits dating from August 24, 1988, when she claims she first requested them.[6]

Applicant made this same contention in her petition for reconsideration. However, in the report and recommendation to the Board of the workers' compensation judge on petition for reconsideration, the judge recommended applicant's contention be rejected because even if she made the earlier request for vocational rehabilitation benefits, it was not "bona fide." The report explained a bona fide request for vocational rehabilitation benefits must have some medical support; applicant's request was not supported by

---

[4]The Board's order was served on the parties that same day.

[5]There is no evidence applicant failed to receive notice of the Board's decision during the 45-day period to seek review, thus distinguishing this case from *State Farm Fire & Casualty Co.* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 193 [173 Cal.Rptr. 778].

[6]Applicant states her first request for rehabilitation benefits was rejected by the Rehabilitation Bureau because the request form was not "two-hole punched." Applicant does not explain why she waited 20 months to file her second request.

medical evidence; applicant's own doctor expressed the opinion applicant could return to work by October 1, 1987, and another doctor reported in November 1988 that vocational rehabilitation should be deferred. Moreover, the judge's report recited applicant offered no evidence at the hearing regarding the date she first requested vocational rehabilitation; rather, applicant agreed the order of the Rehabilitation Bureau from which she appealed resulted from her April 30, 1990, request for vocational rehabilitation benefits.

A request for vocational rehabilitation benefits must be supported by medical evidence. (Cal. Code Regs., tit. 8, § 10014.) In her petition, applicant fails to address the statement in the judge's report that applicant's 1988 request for rehabilitation benefits was not supported by medical evidence. Quite apart from its jurisdictional flaw, the petition for writ of review has no merit.

Respondent Royal Insurance Company's request for attorney's fees is denied.

The petition for writ of review is dismissed.

Davis, J., and Nicholson, J., concurred.