28 Cal.App.4th 150 (1994)
33 Cal. Rptr.2d 387
SAN MATEO FEDERATION OF TEACHERS, AFT LOCAL 1493, AFL-CIO, Petitioner,
v.
PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent; SAN MATEO COUNTY COMMUNITY COLLEGE DISTRICT, Real Party in Interest.
Docket No. A064560.
Court of Appeals of California, First District, Division Three.
September 6, 1994.
*151 COUNSEL
Robert J. Bezemek for Petitioner.
Robert G. Thompson and Bernard McMonigle for Respondent.
No appearance for Real Party in Interest.
OPINION
MERRILL, Acting P.J.
A party aggrieved by a decision of the Public Employment Relations Board (PERB) must file a petition for writ of extraordinary relief challenging the decision within 30 days after issuance of the board's final order. (Gov. Code, § 3542, subds. (b) & (c).) We address here PERB's motion to dismiss as untimely a challenge to one of its rulings. San Mateo Federation of Teachers, AFT Local 1493, AFL-CIO (Local 1493), filed its petition 35 days after issuance of PERB's final order. (1a) The issue raised is whether Code of Civil Procedure section 1013, subdivision *152 (a), extends the time by five days because PERB served its decision by mail. We conclude Code of Civil Procedure section 1013, subdivision (a),[1] does not apply to the jurisdictional time limit for filing a PERB writ petition. We grant PERB's motion to dismiss.
On December 28, 1993, PERB issued a decision unfavorable to Local 1493 on its challenge to the San Mateo County Community College District's refusal to negotiate Local 1493's request for additional released time for union activities. On February 1, 1994, Local 1493 filed a petition for writ of review challenging PERB's decision. Local 1493 acknowledged the 30-day limit for filing the petition, but sought under section 1013, subdivision (a), to extend the deadline 5 days. PERB moved to dismiss the petition as untimely. We extended PERB's time for filing the certified administrative record while we considered the motion to dismiss.
Section 1013, subdivision (a), provides, in substantial part, that when a notice or other paper is served by mail, "[t]he service is complete at the time of the deposit, but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of the document served by mail shall be extended five days if the place of address is within the State of California [10 days if out of California, 20 days if out of the country] but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal."
(2) Litigants frequently seek to apply the five-day extension to time limits not covered by section 1013, subdivision (a), which applies only when the prescribed period begins with "service of the document served by mail." Courts have held the five-day extension does not apply when the prescribed time period is commenced by some "circumstance, act or occurrence other than service" (Citicorp North America, Inc. v. Superior Court (1989) 213 Cal. App.3d 563, 567 [261 Cal. Rptr. 668]), such as when the time period begins when notice is "deposited in the mail" (Cole v. Los Angeles Unified School Dist. (1986) 177 Cal. App.3d 1, 4 [222 Cal. Rptr. 426]); upon "mailing of notice" (County of Los Angeles v. Surety Ins. Co. (1984) 162 Cal. App.3d 58, 63-64 [208 Cal. Rptr. 263] (County of Los Angeles); when a "decision becomes final" (Tielsch v. City of Anaheim (1984) 160 Cal. App.3d 576, 579-580 [206 Cal. Rptr. 740]); upon "issuance" of an order of the Agricultural Labor Relations Board (ALRB) (Mario Saikhon, Inc. v. Agricultural Labor Relations Bd. (1983) 140 Cal. App.3d 581, 583 [189 Cal. Rptr. 632] *153 (Mario Saikhon); when a court "makes" an order relieving a party from the governmental tort claim requirement (Fritts v. County of Kern (1982) 135 Cal. App.3d 303, 306 [185 Cal. Rptr. 212]); or when an arbitration award "is filed" with the clerk of the court (Amoroso v. Superior Court (1979) 89 Cal. App.3d 240, 242 [152 Cal. Rptr. 398]).
(1b) Government Code section 3542, subdivision (c), provides, in part, that a petition for writ of extraordinary relief from a PERB decision "shall be filed within 30 days after issuance of the board's final order, order denying reconsideration, or order joining in the request for judicial review, as applicable." The statutory time does not start with "service" as required by section 1013, subdivision (a), but with "issuance." Local 1493 contends, however, that issuance in this context includes service. Relying upon language used in Sunnyside Nurseries, Inc. v. Agricultural Labor Relations Bd. (1979) 93 Cal. App.3d 922, 929 [156 Cal. Rptr. 152] (Sunnyside), Local 1493 contends issuance occurred when the board's order was mailed. Analogizing to Poster v. Southern Cal. Rapid Transit Dist. (1990) 52 Cal.3d 268 [276 Cal. Rptr. 321, 801 P.2d 1072] (Poster), Local 1493 asserts issuance cannot be accomplished independently of service and therefore that the five-day extension applies. Local 1493 observes that PERB, by regulation (Cal. Code Regs., tit. 8, § 32130, subd. (c)), has determined that section 1013, subdivision (a), applies to its actions.
Local 1493 also notes that a petition for extraordinary relief is not one of the stated exceptions to section 1013, subdivision (a). By its terms, the section does not extend time for filing (1) a motion for new trial, (2) notice of intention to move to vacate judgment, or (3) notice of appeal. Local 1493 contends that, by implication, it extends time for a petition for writ under Government Code section 3542, subdivision (c).

Sunnyside
In Sunnyside, supra, 93 Cal. App.3d 922, the court rejected a claim that a petition challenging an ALRB decision was untimely. The ALRB's order was dated May 20, 1977, and mailed May 23, 1977. The opinion does not reveal when the petition was filed and does not mention section 1013, subdivision (a). Sunnyside does, however, provide a definition of "issuance," as used in Labor Code section 1160.8: "the generally accepted meaning of the terms `issue' and `issuance' is to `send forth; to emit; to promulgate;... put into circulation, ...' (See Black's Law Dict. (4th rev. ed. 1968) p. 964, col. 2; 22A Words and Phrases (1958) p. 530.) The legislative choice of the word `issuance' reasonably indicates that something more than `signing' *154 or `filing' of the Board's order was intended. We hold that `issuance' of the Board's order occurred when it was mailed to Sunnyside." (93 Cal. App.3d at p. 929.)
Sunnyside's timeliness holding has not been cited or repeated in a published opinion. Mario Saikhon, supra, 140 Cal. App.3d 581, instead looked to Jackson & Perkins Co. v. Agricultural Labor Relations Bd. (1978) 77 Cal. App.3d 830, 832 [144 Cal. Rptr. 166], where the court noted the board's order was issued one day and served by mail the next. Mario Saikhon read this as an implied finding that "issuance" was the entry or filing of the ALRB's order and found additional support in the Legislature's use of the terms "issue and cause to be served" elsewhere in the Agricultural Labor Relations Act. Mario Saikhon concluded, therefore, that section 1013, subdivision (a), did not apply to Labor Code section 1160.8's 30-day filing limitation. (Mario Saikhon, supra, 140 Cal. App.3d at pp. 583-584.)
While Sunnyside stands alone, Mario Saikhon has spawned other decisions refusing to apply section 1013, subdivision (a). Southwest Airlines v. Workers' Comp. Appeals Bd. (1991) 234 Cal. App.3d 1421 [286 Cal. Rptr. 347] (Southwest Airlines), is the most significant. Southwest took to task a diverging line of authority applying section 1013, subdivision (a), to petitions for writ of review challenging decisions by the Workers' Compensation Appeals Board (WCAB). Southwest Airlines followed Mario Saikhon and then was followed itself by the California Supreme Court in Camper v. Workers' Comp. Appeals Bd. (1992) 3 Cal.4th 679 [12 Cal. Rptr.2d 101, 836 P.2d 888] (Camper).

Camper
Labor Code section 5950 prescribes a 45-day time period for filing a petition for writ of review, running from the time a petition to the WCAB for reconsideration of the workers' compensation judge's decision is "denied" or from the "filing" of an order, decision, or award following reconsideration. Camper noted that the "operative trigger" for the time period was the "filing" of the order and held section 1013 inapplicable. (Camper, supra, 3 Cal.4th at pp. 684-685.)
The Camper court distinguished its earlier decision in Poster, supra, 52 Cal.3d 266, because in Poster the time began when a settlement offer was "made" and an offeror makes a settlement offer by serving it in writing. "As the offer cannot be `made' without communicating it through service, the trigger adopted by the Legislature for the prescribed time period in section 998 necessarily included service; the same cannot be said about the trigger *155 adopted for Labor Code section 5950. Filing is accomplished independently of service." (Camper, supra, 3 Cal.4th at p. 686.)
Camper did not directly approve Mario Saikhon, but did so implicitly when it followed Southwest Airlines. More importantly for our analysis, however, Camper endorsed a line of decisions concluding section 1013 does not apply to statutes setting forth jurisdictional deadlines.

Jurisdictional Deadlines
Section 1013, subdivision (a), expressly does not apply to "the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal."
County of Los Angeles, supra, 162 Cal. App.3d at page 64, read this list of exceptions as a statement by the Legislature that section 1013 "was never intended to apply in extending jurisdictional limits." Next, Citicorp North America, Inc. v. Superior Court, supra, 213 Cal. App.3d at page 568, footnote 8, endorsed the jurisdictional deadline exception to section 1013 and identified four decisions applying it. Then Poster acknowledged the reasoning of County of Los Angeles. (Poster, supra, 52 Cal.3d at p. 274.)
Finally, Camper, in strong dicta, adopted this interpretation of section 1013: "Moreover, even if we were persuaded by Camper's argument that Labor Code section 5950, when read in light of the rules of practice of the WCAB, incorporates the extensions of time set forth in section 1013, we would hold that these extensions do not apply to the 45-day period in question. `Consistent with the Legislature's exemption of notice of appeal [from the extension provided in connection with service by mail], Code of Civil Procedure section 1013 has been held to be inapplicable to other statutes that set forth jurisdictional deadlines.' (Poster, supra, 52 Cal.3d at p. 274.) Although Camper argues to the contrary, it is now too well established to question that the time limitation set forth in Labor Code section 5950 is jurisdictional. [Citations.]" (Camper, supra, 3 Cal.4th at p. 686.)

Application to PERB Petitions
Appellate courts have held the time limits for seeking judicial review in both WCAB and ALRB cases are jurisdictional. (Camper, supra, 3 Cal.4th at p. 686; Mario Saikhon, supra, 140 Cal. App.3d at p. 582.) There is no reason to treat Government Code section 3542, which is similar procedurally to Labor Code section 1160.8, any differently. It follows then, under Camper's *156 dicta, that section 1013, subdivision (a), does not apply to a PERB petition.[2] The petition filed by Local 1493 is untimely. PERB's motion to dismiss is granted.
Chin, J., and Jenkins, J.,[*] concurred.
NOTES
[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.
[2] Seeking to persuade us otherwise, Local 1493 points to California Code of Regulations, title 8, section 32130, subdivision (c), which states that "[t]he extension of time provided by California Code of Civil Procedure section 1013, subdivision (a), shall apply to any filing made in response to documents served by mail." PERB responds that this regulation is clearly limited to filings with PERB and has no application to filing a writ in a Court of Appeal. We need not determine its applicability, however, because it cannot override Camper's strict enforcement of the Legislature's jurisdictional time limit.
[*] Judge of the Alameda Superior Court sitting under assignment by the Chairperson of the Judicial Council.