[No. B112261. Second Dist., Div. Five. Jan. 28, 1999.]

WESTSIDE HOSPITAL, Plaintiff and Appellant, v.
S. KIMBERLY BELSHÉ, as Director, etc., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II of Discussion.

**COUNSEL**

Mitchell R. Miller for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Sandra L. Goldsmith, Deputy Attorneys General, for Defendant and Appellant.

## OPINION

**GRIGNON, Acting P. J.**—Westside Hospital appeals from a judgment denying its petition for writ of administrative mandate in favor of S. Kimberly Belshé, Director, State of California, Department of Health Services in this Medi-Cal reimbursement case. We conclude Hospital did not file its petition within the statute of limitations period provided in Welfare and Institutions Code section 14171, subdivision (j), six months from the issuance of the Director's final decision.[1] Therefore, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Hospital, a licensed inpatient acute care facility, is an institutional provider certified to participate in the Medi-Cal program. As a condition of participation in the Medi-Cal program, Hospital is required to file fiscal-year-end cost reports, setting forth costs incurred to provide services to Medi-Cal beneficiaries. The Department audited Hospital's cost report for the fiscal year ending February 28, 1983, and computed Hospital's "final settlement."

On May 14, 1987, Hospital requested an administrative adjustment to the final settlement based on several issues. On December 21, 1988, the Department responded with a final settlement, which included adjustments for some, but not all, of the issues raised by Hospital. Hospital requested a formal administrative hearing on the disputed issues. A hearing was held before an administrative law judge. On March 11, 1993, the administrative law judge submitted a proposed decision denying Hospital's administrative appeal. On March 23, 1993, the Director adopted the proposed decision of the administrative law judge as the final decision pursuant to section 14171. On March 30, 1993, the Department mailed a copy of the final decision to Hospital.

On September 24, 1993, Hospital filed a petition for writ of mandate (Code Civ. Proc., § 1085), writ of administrative mandate (Code Civ. Proc., § 1094.5), and declaratory relief (Code Civ. Proc., § 1060). On February 4, 1997, the Department demurred on the grounds that (1) the petition was filed after the expiration of the six-month statute of limitations contained in section 14171, subdivision (j), for relief under Code of Civil Procedure section 1094.5, and (2) the pleading did not state facts sufficient to constitute a cause of action under Code of Civil Procedure section 1085, 1094.5, or 1060. The trial court overruled the demurrer on the statute of limitations

---

[1]All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

ground, but sustained the demurrer with leave to amend on the ground that the verification was improper. On February 18, 1997, Hospital refiled its petition with a proper verification. On March 5, 1997, the trial court denied the petition on the merits. The trial court entered judgment denying the petition on April 3, 1997. Hospital filed a timely notice of appeal from the judgment. The Department filed a timely notice of cross-appeal from the judgment.

DISCUSSION

## I. *Administrative Mandate*

■ The Department contends Hospital's petition for writ of administrative mandate was untimely under section 14171, subdivision (j), because it was filed more than six months after the date the Director issued the final decision. We agree. Although the trial court decided the petition on the merits, the statute of limitations issue is dispositive. Accordingly, we resolve the appeal on this basis.

The procedures for conducting administrative appeals and issuing decisions relating to final settlements for institutional providers are contained in section 14171[2] and California Code of Regulations, title 22, section

---

[2]Although section 14171 has been amended several times since it was enacted and its subdivision headings have been redesignated, no substantive changes have been made to the provisions at issue. Section 14171 currently provides in pertinent part: "(a) The director shall establish administrative appeal processes to review grievances or complaints arising from the findings of an audit or examination made pursuant to Sections 10722 and 14170 and for final settlements, including, in the case of hospitals, the application of Sections 51536, 51537, and 51539 of Title 22 of the California Code of Regulations. All these processes shall be established by regulation, pursuant to, and consistent with, Section 100171 of the Health and Safety Code [requiring an impartial hearing before an administrative law judge]. [¶] . . . [¶] (e)(1) The administrative appeal process established by the director shall commence with an informal conference with the provider, a representative of the department, and the administrative law judge. The informal conference shall be conducted no later than 90 days after the filing of a timely and specific statement of disputed issues by the provider. The administrative law judge, when appropriate, may assign the administrative appeal to an informal level of review where efforts could be made to resolve facts and issues in dispute in a fair and equitable manner, subject to the requirements of state and federal law. The review conducted at this informal level shall be completed no later than 180 days after the filing of a timely and specific statement of disputed issues by the provider. [¶] (2) Nothing in this subdivision shall prohibit the provider from presenting any unresolved grievances or complaints at an impartial hearing pursuant to subdivision (a). The impartial hearing shall be conducted no later than 300 days after the filing of a timely and specific statement of disputed issues by the provider. [¶] (3)(A) Subject to subdivision (f), . . . a final decision in an institutional provider appeal shall be adopted within 300 days after the closure of the record of the impartial hearing. [¶] (B) The department shall mail a copy of the adopted decision to all

51044.[3] An institutional provider may appeal a final settlement of the Department by filing a timely and specific written statement of disputed issues with the Department. The institutional provider may present any unresolved grievances or complaints at an impartial hearing before an administrative law judge, which must be conducted no later than 300 days after the filing of the statement of disputed issues. At the conclusion of the impartial hearing, the administrative law judge takes the matter under submission. The administrative law judge prepares and submits a proposed decision to the Director as soon as practical, in a form that may be adopted as the decision of the Director. The Department serves a copy of the proposed decision on each party. The Director may: (1) adopt the proposed decision; (2) reject the proposed decision and have a decision prepared based on the record, after allowing the parties the opportunity to present oral or written argument; or (3) refer the matter back to the administrative law judge to take additional evidence, after which the administrative law judge prepares a new proposed decision.

parties within 30 days of the date of adoption of the decision. [¶] (f) In the event the director intends to modify a proposed decision, on or before . . . the 300th day following the closure of the record of the hearing for institutional providers, the director shall provide written notice of his or her intention to the parties and shall afford the parties an opportunity to present written argument. Following this notice, on or before . . . the 420th day following closure of the record of the hearing for institutional providers, or within that additional time period as is granted pursuant to the sole request of a provider or at the joint request of the provider and the department, the director shall issue a final decision. [¶] . . . [¶] (j) The final decision of the director shall be reviewable in accordance with Section 1094.5 of the Code of Civil Procedure within six months of the issuance of the director's final decision."

[3]Title 22, California Code of Regulations, section 51044 provides in pertinent part as follows: "(a) The hearing officer shall take the matter under submission at the conclusion of the hearing. A proposed decision, in a form that may be adopted as the decision of the Director, shall be submitted to the Director as soon as practical. A copy of the proposed decision, upon submission to the Director, shall be: [¶] . . . [¶] (2) Served by the Department on each party in the case and each party's representative. [¶] (b) The Director may: [¶] (1) Adopt the proposed decision without reading or hearing the record. [¶] (2) Reject the proposed decision and have a decision prepared based upon the documentary and electronically recorded record, with or without taking additional evidence. The Director shall decide no case provided for in this paragraph without affording the parties the opportunity to present either oral or written argument. [¶] (3) Refer the matter to the hearing officer to take additional evidence. If the case is so assigned, the hearing officer shall prepare a proposed decision as provided in subsection (a), upon the additional evidence and the documentary and electronically recorded record of the prior hearing. A copy of such proposed decision shall be furnished to each party and each party's representative as prescribed in subsection (a). [¶] (c) The decision shall be final upon adoption by the Director. Copies of the decision of the Director shall be mailed by certified mail to the designated representative of the provider. [¶] (d) A dismissal may be issued if a provider fails to appear at a formal hearing. A copy of such dismissal shall be mailed to each party together with a statement of the provider's right to reopen the hearing."

The Director must adopt a final decision within 300 days after the record of the impartial hearing is closed, unless the Director intends to modify the proposed decision. In the event the Director chooses to modify a proposed decision under section 14171, subdivision (f), the Director must provide written notice to the parties on or before the 300th day following the closure of the record of the hearing and afford the parties an opportunity to present written or oral argument. On or before the 420th day following closure of the record of the hearing, the Director must issue a final decision.

The decision is effective upon adoption by the Director. Copies of the Director's decision are mailed to the provider. The Director's final decision is reviewable in accordance with Code of Civil Procedure section 1094.5 within six months of the "issuance" of the Director's final decision.

The question presented in this appeal is whether the Director's final decision is "issued" when it is "adopted" or when it is "mailed."

■ "In interpreting a statute, we apply the usual rules of statutory construction. 'We begin with the fundamental rule that our primary task is to determine the lawmakers' intent. [Citation.] . . . To determine intent, " 'The court turns first to the words themselves for the answer.' " [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . ." ' [Citation.] We give the language of the statute its 'usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose . . . . Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.' [Citation.]" (*Kane* v. *Hurley* (1994) 30 Cal.App.4th 859, 862 [35 Cal.Rptr.2d 809].)

■ As a general rule, "issuance" of an administrative order means entry or filing, and not service or mailing, of an order. (*Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581, 582-583 [189 Cal.Rptr. 632] [time to file a petition for review runs from "date of the issuance of the [Agricultural Labor Relations Board's] order," and therefore time to file is not extended by Code of Civil Procedure section 1013]; see also *San Mateo Federation of Teachers* v. *Public Employment Relations Bd.*

(1994) 28 Cal.App.4th 150, 153-156 [33 Cal.Rptr.2d 387] [time to file petition for review of Public Employment Relations Board decision runs from "issuance" of decision, which is not the same as "service," and therefore Code of Civil Procedure section 1013 does not apply to extend time to file]; contra, *Sunnyside Nurseries, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 93 Cal.App.3d 922, 929 [156 Cal.Rptr. 152] [issuance occurred when order mailed].) "Issuance" does not include mailing or service. (*Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd., supra,* 140 Cal.App.3d at p. 583.) Where the Legislature intends a time limit to run from the date of service or mailing of an order, it specifically so provides. (*Ibid.*)

The meaning of the term "issuance" ascribed to it by appellate decisions interpreting similar statutes is consistent with a reasonable construction of section 14171. Section 14171 sets forth two procedures relating to the Director's final decision. Section 14171, subdivision (e)(3) describes a procedure wherein the Director simply adopts the proposed decision of the administrative law judge as the final decision. The Director is required to "adopt" the proposed decision as the final decision within 300 days after the hearing. (§ 14171, subd. (e)(3)(A).) The Department is required to mail a copy of "the adopted decision" to the provider within 30 days of the date of the adoption. (*Id.,* subd. (e)(3)(B).)

The adoption procedure set forth in section 14171, subdivision (e)(3)(A) is expressly subject to the alternative final decision procedure set forth in section 14171, subdivision (f). Section 14171, subdivision (f) applies when the Director intends not to adopt the administrative law judge's proposed decision, but rather to "modify" the proposed decision. This subdivision requires notice to the provider of the intent to modify on or before the 300th day following the hearing. Following the provider's opportunity to present argument, the Director is required to "issue" a final decision within 420 days after the hearing. Subdivision (f) contains no separate mailing requirement. Subdivision (j) provides that the final decision of the Director is reviewable by petition for a writ of administrative mandate within six months of the "issuance" of the Director's final decision. Subdivision (j) makes no reference to the "adoption" of the final decision.

It is apparent from the foregoing delineation of the statutory final decision procedures that the terms "adoption" and "issuance" refer to the act of the Director finalizing the decision of the Department. The act of finalization takes place either by means of the adoption of the administrative law judge's proposed decision or the issuance of a modified or different decision. Thus, the mailing requirement set forth in section 14171, subdivision (e)(3)(B) is reasonably interpreted to refer not only to "adopted" final decisions, but also

to "issued" final decisions. Similarly, the six-month date in subdivision (j) for filing a petition for writ of administrative mandate refers to the act of the Director finalizing the decision whether by adoption or issuance.[4]

It is also apparent from the statute that adoption/issuance of a final decision is independent of the mailing of a copy of the Decision. It is the Director who adopts or issues the final decision. It is the Department which is required to mail to the provider a copy of the final decision. The six-month time period for filing a petition for writ of mandate begins to run from the date of entry or filing of the order, not mailing.[5] Since mailing is required within 30 days of adoption or issuance and a provider has 6 months to file a petition for writ of mandate, the provider has ample time in which to seek judicial review of the order.

The final decision in this case was reviewable under Code of Civil Procedure section 1094.5 within six months of the issuance of the Director's final decision. Under section 14171, the Director may adopt the proposed decision of the administrative law judge, modify the proposed decision, or reject the proposed decision and prepare a different decision. It is clear that the phrase "issuance of the Director's decision" encompasses adopting the proposed decision, adopting the proposed decision with modifications, or preparing and adopting an entirely new decision. Case law supports a conclusion that "issuance" means entry or filing of the decision and not service or mailing of the decision. Moreover, the statute and regulations provide separately for issuing the Director's decision and mailing the decision to the parties. However, the time for reviewing the Director's decision expressly runs from issuance of the final decision and not from mailing or service of the final decision. We conclude that the date the Director adopted the final decision, March 23, 1993, was the date the decision was issued for purposes of the statute of limitations. Because Hospital filed its petition for writ of administrative mandate more than six months later on September 24, 1993, the petition was untimely.

II.   *Other Causes of Action**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[4]The regulations do not distinguish between adoption and issuance, but simply refer to the act of the Director finalizing the decision as the adoption of the final decision. (Cal. Code Regs., tit. 22, § 51044.)

[5]Consistent with our statutory interpretation, the regulations provide that the decision is final upon adoption by the Director. Copies of the decision are to be mailed to the provider. (Cal. Code Regs., tit. 22, § 51044, subd. (c).)

*See footnote, *ante*, page 672.

## DISPOSITION

The judgment is affirmed. S. Kimberly Belshé, Director, State of California, Department of Health Services is awarded her costs on appeal.

Armstrong, J., and Godoy Perez, J., concurred.