[No. D031035. Fourth Dist., Div. One. June 10, 1999.]

HEALTHSMART PACIFIC INC., Plaintiff and Appellant, v.
S. KIMBERLY BELSHÉ, as Director, etc., Defendant and Respondent.

**COUNSEL**

Foley & Lardner, Anita D. Lee, Mark Tae Lee and Howard W. Cohen for Plaintiff and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, Robert L. Mukai, Chief Assistant Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Karen L. Fried, Deputy Attorneys General, for Defendant and Respondent.

## Opinion

**McDONALD, Acting P. J.**—HealthSmart Pacific Inc. (HealthSmart) appeals a judgment denying its petition for writ of mandate, which sought to reverse a decision of S. Kimberly Belshé, Director of the State of California Department of Health Services (Department). HealthSmart contends the trial court erred by finding that under Welfare and Institutions Code[1] section 14171, subdivision (j),[2] the petition was not timely filed. We reverse the judgment.

### Factual and Procedural Background

HealthSmart disagreed with the amount of Medi-Cal reimbursement established by the Department for psychiatric services provided to Medi-Cal beneficiaries by HealthSmart during its 1993 fiscal year. An administrative law judge held a hearing on the reimbursement dispute and submitted to Belshé (hereafter the Director) a proposed decision denying HealthSmart's administrative appeal.

On October 22, 1996, the Director adopted the proposed decision as the Director's final decision by signing a statement of adoption. On October 30, the Department mailed a copy of the Director's final decision to Health-Smart.

On April 29, 1997, HealthSmart filed the petition. The Director demurred to the petition, alleging that it was not filed within the section 14171, subdivision (j), six-month limitation period following issuance of the Director's final decision. The trial court found that the final decision was "issued" and that the six-month limitation period began on October 22, 1996, when the Director signed the statement of adoption of the proposed decision, and not on October 30, 1996, when the Department mailed a copy of the final decision to HealthSmart. The court sustained the demurrer and entered judgment for the Director.

HealthSmart timely filed a notice of appeal.

### Discussion

Section 14171, subdivision (j) states: "The final decision of the director shall be reviewable in accordance with Section 1094.5 of the Code of Civil

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]Section 14171, subdivision (j) was previously designated as section 14171, subdivision (k) before a 1997 amendment deleting former section 14171, subdivision (c). (Stats. 1997, ch. 220, § 40.) Although the parties' briefs refer to the relevant subdivision by its pre-1997 designation, we use its current designation in this opinion.

Procedure *within six months of the issuance of the director's final decision.*" (Italics added.)

 HealthSmart contends the term "issuance," as used in section 14171, subdivision (j), means the mailing of the Director's final decision and not merely the Director's adoption of the final decision by signing it. HealthSmart asserts the usual and ordinary meaning of the term "issuance" requires the action of mailing or otherwise giving notice of a decision to the party it adversely affects. It also argues that comparable case law, other statutory language, legislative history, a repealed regulation of the Department, and principles of fairness and reasonableness support its interpretation of "issuance" under section 14171, subdivision (j) as requiring both the signing and mailing or otherwise giving notice of the Director's final decision before the six-month limitation period commences.

A recent case, *Westside Hospital v. Belshé* (1999) 69 Cal.App.4th 672 [81 Cal.Rptr.2d 768], decided this same issue as a question of first impression. *Westside Hospital* concluded that the word "issuance" in section 14171, subdivision (j) is synonymous with the word "adoption" and means the act of the Director finalizing the decision of the Department by signing it. (69 Cal.App.4th at pp. 678-679.) The court stated: "[A]doption/issuance of a final decision is independent of the mailing of a copy of the Decision. It is the Director who adopts or issues the final decision. It is the Department which is required to mail to the provider a copy of the final decision. The six-month time period for filing a petition for writ of mandate begins to run from the date of entry or filing of the order, not mailing. Since mailing is required within 30 days of adoption or issuance and a provider has 6 months to file a petition for writ of mandate, the provider has ample time in which to seek judicial review of the order." (*Id.* at p. 679, fn. omitted.) Because the appellant hospital's writ petition was filed more than six months after the date the Director adopted the final decision by signing it, the *Westside Hospital* court affirmed the trial court's denial of the petition. (69 Cal.App.4th at p. 679.)

In our view, reasonable minds may differ on the resolution of the problem presented in this case, which arises because of the unfortunate, ambiguous use of the words "adopt" and "issue" in section 14171. The problem could be resolved by more careful legislative drafting, which we invite. As written, we are unable to discern the intent of the legislation and therefore apply a test of common sense to the words of the statute.

The administrative appeal process set forth in section 14171 begins with a conference among the provider, a representative of the Department and an

administrative law judge. (§ 14171, subd. (e)(1).) A proposed decision is then submitted to the Director and a copy is filed as a public record. A copy is also served on each party's representative. (Cal. Code Regs., tit. 22, § 51044, subd. (a).) The proposed decision may be "adopted" by the Director within a prescribed period of time (§ 14171, subd. (e)(3)(A))[3] and it becomes final when "adopted." (Cal. Code Regs., tit. 22, § 51044, subd. (c).) The Department is directed to mail a copy of the decision adopted under section 14171, subdivision (e) to the parties within 30 days following the date of adoption. (§ 14171, subd. (e)(3)(B).)

Rather than "adopting" the proposed decision, the Director may, under section 14171, subdivision (f), modify the proposed decision, in which event the Director must, within a prescribed period of time, "issue" a final decision.[4] There is no provision in section 14171 for mailing to or otherwise serving the parties with the final decision "issued" by the Director under section 14171, subdivision (f).

The time limits within which the Department must "adopt" a final decision under section 14171, subdivisions (e) and (f) are mandatory. (§ 14171, subd. (d).) However, subdivision (f) refers to an "issued" final decision and not to an "adopted" final decision. The Department's regulations provide that a decision is final when "adopted," not when "issued." (Cal. Code Regs., tit. 22, § 51044, subd. (c).)

Section 14171, subdivision (j) provides for judicial review of the Director's final decision by a Code of Civil Procedure section 1094.5 writ petition filed within six months after the "issuance" of the Director's final decision. However, in section 14171, subdivision (j) there is no reference to, or time limit for writ review after, the "adoption" of the Director's final decision. Consequently, although a final decision "issued" under subdivision (f) is subject to judicial review, a final decision "adopted" under section 14171, subdivision (e) does not appear to be subject to judicial review.

A literal reading of section 14171 results in some unusual conclusions:

1. The time limitations in section 14171, subdivision (d) apply to a final decision "adopted" under section 14171, subdivision (e) but not to a final decision "issued" under section 14171, subdivision (f).

---

[3]Section 14171, subdivision (e)(3)(A) provides: "Subject to subdivision (f), a final decision in a noninstitutional provider appeal shall be adopted within 180 days after the closure of the record of the impartial hearing, and a final decision in an institutional provider appeal shall be adopted within 300 days after the closure of the record of the impartial hearing."

[4]Section 14171, subdivision (f) provides in part: "In the event the director intends to modify a proposed decision, . . . the director shall provide written notice of his or her intention to the parties and shall afford the parties an opportunity to present written argument. Following this notice, on or before [a prescribed period of time], the director shall issue a final decision."

2. There is no requirement that a copy of the final decision "issued" under section 14171, subdivision (f) be mailed to or served on the parties.

3. There is no right to judicial review of a final decision "adopted" by the Department under section 14171, subdivision (e); or alternatively, there is no six-month time limit to seek judicial review of a final decision "adopted" by the Department or Director under subdivision (e).

It appears to us that the ambiguity in section 14171 is caused by the use of the word "issue" rather than the word "adopt" in section 14171, subdivision (f) and may be clarified by attributing the use of the word "issue" in section 14171, subdivision (f) to a drafting error and substituting the word "adopt" in its place. By so doing, the provisions of the subdivisions of section 14171 become internally consistent: the Director always "adopts" a decision, which on adoption is a final decision, and it is unnecessary to distinguish between a decision "adopted" under subdivision (e) and a decision "issued" under subdivision (f). Then, under section 14171, subdivision (j), the final decision, which is the adopted decision under either subdivision (e) or (f), may be judicially reviewed by writ petition within six months after "issuance" of the adopted decision. To give separate meaning to all of the words of the sentence, "issuance" in subdivision (j) means something other than "adoption." Under section 14171 "issuance," if different from "adoption," would seem to mean the mailing of the final decision as required by section 14171, subdivision (e)(3)(B) and the Department's regulations. (Cal. Code Regs., tit. 22, § 51044, subd. (c).) This interpretation of "issuance" in subdivision (j) is consistent with its general meaning of sending out or notifying. It is also consistent with analogous Department regulations: the Department may order reconsideration of a final decision within "30 calendar days after delivery or mailing of a decision to the provider." (Cal. Code Regs., tit. 22, § 51045.) It seems inconsistent to commence the reconsideration period on giving notice while commencing the judicial review period on an event for which there is no notice. Furthermore, if no notice of the final decision is given, the limitations period could expire before the provider is aware there was a final decision. Even when the Department gives the required 30-day notice, the available time to seek judicial review has been reduced to less than the 6-month period the Legislature apparently thought appropriate.

We conclude, contrary to the *Westside Hospital* decision, that "adoption" and "issuance" are not synonymous and under section 14171 the Director "adopts" a proposed decision or "adopts" a modification of a proposed decision, either of which on adoption becomes a final decision. A final decision is subject to judicial review by writ petition filed within six months after "issuance," in contrast to "adoption," of the final decision. Under

section 14171, subdivision (e)(3)(B) and the regulations of the Department (Cal. Code Regs., tit. 22, § 51044, subd. (c)), "issuance" of the final decision occurs on mailing by certified mail to the provider.

In this case, the administrative law judge signed a proposed decision on September 16, 1996. On October 22, 1996, the Director adopted the proposed decision by signing an adoption statement. That act constituted adoption but not issuance of the final decision for purposes of section 14171, subdivision (j). The final decision was issued in this case by mailing it, certified mail, to HealthSmart on October 30, 1997. HealthSmart filed the petition on April 29, 1997; it was therefore timely filed within the six-month limitation period. The trial court erred by entering judgment for the Director.

DISPOSITION

The judgment is reversed. HealthSmart is entitled to costs on appeal.

McIntyre, J., and O'Rourke, J., concurred.